# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI EASTERN DIVISION

| | |
|---|---|
| DONALD NICHTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 4:18-cv-1478 |
| ) | |
| ASCENSION HEALTH ALLIANCE ) | |
| d/b/a ASCENSION ) | |
| ) | |
| and ) | |
| ) | |
| SEDGWICK CLAIMS ) | |
| MANAGEMENT SERVICES, INC., ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW Plaintiff Donald Nichter, by and through the undersigned counsel, and for his cause of action against Defendant Ascension Health Alliance d/b/a Ascension and Defendant Sedgwick Claims Management Services, Inc. respectfully state the following:

1. This is an action arising under the Employee Income Security Act of 1974, as amended, 29 U.S.C. § 1001 se seq. (ERISA), to recover the benefit due under an employee welfare benefit plan, to recover benefits due under an employee insurance program, and to recover costs, attorneys' fees and interest as provided by ERISA.

2. This is an action brought pursuant to 29 U.S.C. §1132(e)(1) and 28 U.S.C. §1331. Under 29 U.S.C. §1132(f), the Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

3.      Venue is proper in this District pursuant to 29 U.S.C. §1132(e)(2), in that the subject employee welfare benefit plan and employee insurance program are administered in this District, the breaches of duty herein alleged occurred in this District, and all Defendants reside or are found in this District.

4.      Plaintiff Donald Nichter brings this suit as a participant under the Ascension Long Term Disability Plan (hereinafter "The Plan").

5.      The Plan provided for the long-term disability benefits for the employees of Ascension Information Services, Plaintiff Donald Nichter employer.

## PARTIES

6.      Plaintiff Donald Nichter (hereinafter "Mr. Nichter") is a resident of Fishers, Indiana.

7.      Defendant Ascension Health Alliance (hereinafter "Ascension") is a Non-Profit Corporation incorporated, operating, and in good standing in the State of Missouri.

8.      Defendant Ascension is the plan sponsor and the plan administrator of the Plan as those terms are defined by 29 U.S.C. §1002.

9.      Defendant Sedgwick Claims Management Services, Inc. (hereinafter "Sedgwick") is a foreign corporation, incorporated in Illinois but registered, operating, and transacting usual business in the State of Missouri.

10.     Defendant Sedgwick is a plan administrator of the Plan as those terms are defined by 29 U.S.C. §1002.

## COUNT I: DENIAL OF BENEFITS PURSUANT TO 29 U.S.C. § 1132(a)(1)(b)

11.     In May 5, 2016 Mr. Nichter was forced to stop working due to symptoms related to his diagnosis of Behavioral Variant Frontotemporal Dementia which included disinhibition, apathy, emotional blunting, deficits in executive function, and lack of insight.

12. At the time Mr. Nichter was forced to stop working he was employed as a manager with Ascension Information Services, a subsidiary of Defendant Ascension.

13. As a manager, Mr. Nichter was responsible for managing a team of professionals tasked with developing and maintaining IT systems for St. Vincent Health, located in Indianapolis, Indiana.

14. The management position required critical thinking skills, decisive judgement and the ability to work with minimal supervision and must be able to work in a stressful environment, frequent climbing, data entry, hearing acuity, standing, walking and constant exposure to computer monitors.

15. As part of his employment, Mr. Nichter was enrolled in the Ascension Short Term and Long Term Disability Plan.

16. Mr. Nichter's medical conditions would not allow him to return to work full time so Mr. Nichter was approved for short term disability benefits beginning on January 25, 2016 and ending on February 28, 2016.

17. Mr. Nichter attempted to return to work in March 2016 but after feeling physically and cognitively unable to perform his job, he abruptly left work on May 5, 2016.

18. The following day, on May 6, 2016 Mr. Nichter applied for short term disability and long-term disability benefits offered through the Plan.

19. Ascension denied Mr. Nichter's claim for short-term disability on September 26, 2016 stating that, although Sedgwick does not contest that Mr. Nichter is disabled, it denies his claims for benefits, alleging that his "date of disability was May 06, 2016 the day after his employment was terminated on May 5, 2016.

20. Ascension denied Mr. Nichter's claim for LTD benefits on October 23, 2017.

21. Mr. Nichter appealed Ascension's decision to deny benefits on April 20, 2018.

22. Ascension/Sedgwick denied Mr. Nichter's LTD appeal on May 3, 2018 stating Mr. Nichter "did not meet the definition of an Eligible Employee at the time of disability"

23. Sedgwick does not contest that Mr. Nichter is disabled but denied his claims for LTD benefits based on the allegation that his disability did not begin until May 6, 2016 the day after he abruptly left work.

24. In support of his claim, Mr. Nichter has shown substantial medical records and supportive statements from several treating physicians. A timeline of his treating providers' support is listed below.

25. Dr. Jared R. Brosch, Neurologist noted in his patient visit report in August 16, 2016 that Mr. Nichter's neurodegenerative disease,

> "Led to him losing his job as it was unlikely that he would have made it out if his employee action plan is part of his disciplinary action and he elected to resign. He is now virtually nonfunctional in independent activities of daily living and requires support."

26. On September 1, 2017 Dr. Bateman, noted that:

> "Mr. Nichter is disabled as a result of the symptoms of BVFTD, including prominent apathy, lack of executive function, behavioral changes, loss of social function, and a prominent loss of interpersonal skills and ability to manage work tasks. He is disabled from performing the material duties of any occupation. His condition is expected to decline as a result of his BVFTD."

27. In response to a letter Dr. Bateman further replied that "Mr. Nichter was disabled prior to his abrupt resignation from AIS on May 5, 2016."

28. On September 18, 2017 Dr. Saberman, noted that:

> "Mr. Nichter has poor concentration, slow cognitive function, easily distracted and confused. Patient is disabled from performing the material duties of any occupation. He has experienced permanent and progressive loss of cognitive abilities, dementia, and therefore unable to work. He no longer is his own power of attorney, he cannot drive, he cannot make business decisions or work as part of a team … His condition is progressive and lifelong. He will not recover"

29.     In response to a letter that was sent to Dr. Saberman that asked if Mr. Nichter was disabled prior to his abrupt resignation from AIS on May 5, 2016, she responded "Absolutely 100% yes!"

30.     Sedgwick did not even seek the consultation of a physician or psychologist to assess Mr. Nichter's records or to evaluate his claims

31.     Not only was Mr. Nichter disabled at the time he stopped working but his decision to abruptly stop working was a direct manifestation of several common symptoms of BVFTD such as disinhibition, impulsivity, apathy, loss of interest in work, loss of initiative, emotional blunting, indifference to important events, poor decision making and judgement, and lack of insight and awareness of the effects of his behavior on others.

32.     Mr. Nichter did not stop working before he was disabled, but instead stopped working because he became disabled.

33.     The denial of Mr. Nichter's claim for LTD benefits is based on the assertion that he was no longer an employee on May 6, 2016.

34.     The denial contradicts the plain language of the Plan governing Mr. Nichter's claim:

> "A determination as to whether a Participant is eligible for a long-term Disability Benefit shall be made as of the last day the Participant was Actively at Work."

35.     Thus, because Mr. Nichter was employed by AIS as of the last day he was actively at work as stated in the policy, and he met the definition of disability under the Plan as of his last day he was actively at work, he was an eligible employee and is entitled to disability benefits.

36.     Sedgwick's denial of Mr. Nichter's claims, in addition to contradicting the terms of the Plan language as discussed above, ignores substantial and conclusive medical evidence providing

that Mr. Nichter has been continuously disabled due to his significant cognitive impairments well before he abruptly left work on May 5, 2016.

37. As a result of the wrongful denial, Mr. Nichter was damaged in the amount of unpaid benefits.

38. Mr. Nichter has exhausted all of his administrative remedies

39. Defendants' denial of STD and LTD benefits was arbitrary and capricious, and not based on substantial evidence.

40. Defendants are required to pay the benefits due under the terms of the Plan, together with prejudgment interest, attorneys' fees and costs.

## COUNT II:  INTERFERENCE WITH PROTECTED RIGHTS IN VIOLATION OF 29 U.S.C. § 1140 (Section 510 of ERISA)

41. Plaintiff incorporates by reference paragraphs 1-40 as paragraph 41 of this Complaint.

42. Defendant Ascension, in its capacity as employer, made the determination that Mr. Nichter was terminated effective May 5, 2016 when he left work as the result of the disabling effects of his neurodegenerative disease.

43. Despite evidence to the contrary, Defendant Sedgwick made the determination that Mr. Nichter's disability began on May 6, 2016.

44. Ascension's decision to terminate Mr. Nichter effective May 5, 2016 was an adverse employment action that affected the likelihood that Mr. Nichter would receive future disability benefits under the Plan.

45. Defendant Ascension, by and through its employees and agents, coordinated with Defendant Sedgwick, by and through its employees and agents, to purposefully interfere with Mr. Nichter's entitlement to benefits by manipulating the termination date and date of disability so that Defendants can claim that he was not covered under the Ascension Disability Plan, because he was terminated a few hours before he became disabled.

46. Sedgwick's determination that Mr. Nichter would not be eligible for benefits if his termination date was May 5, 2016 was a motivating factor in Ascension terminating Mr. Nichter's employment on that date.

47. Defendants actions violated 29 U.S.C. § 1140 and constitute a breach of their fiduciary duties to Plaintiff.  Plaintiff is entitled to equitable relief pursuant to 29 U.S.C. § 1132(a)(3).

**WHEREFORE**, Plaintiff prays that this Court:

(a) Grant judgment in his favor and against Defendants on all claims;

(b) Order that Defendants pay all benefits due under the Plan from the due date of judgment, including interest thereon;

(c) Declare Plaintiff's rights under the terms of the Plan, and clarify his rights to future benefits under the terms of the Plan;

(d) Enjoin Defendants to provide a procedure for a full and fair review of adverse determinations under the Plan in accordance with 29 U.S.C. § 1133;

(e) Order restitution or surcharge to disgorge Defendants' unjust enrichment in wrongfully delaying and denying benefits and/or to make Plaintiff whole for losses, and payments of his attorneys' fees caused by Defendants' violation of 29 U.S.C. § 1133;

(f) Order that Defendant pay the costs of suit, including Plaintiff's attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and

(g) Award all such other and further relief as this Court deems just and proper.

**WHEREFORE**, Plaintiff Donald Nichter respectfully prays for judgment against Defendants Ascension and Sedgwick in the amount of unpaid benefits, for an Order that Ascension continue payments to Mr. Nichter under the terms of the Plan, for appropriate equitable relief, for attorneys' fees and costs and for any other such relief as the court deems just and proper.

        GALLAGHER DAVIS, LLP

        */s/ Matthew R. Davis*
        Candace A. Weatherfield MO70408
        Matthew R. Davis MO58205
        2333 S. Hanley Road
        St. Louis, Missouri 63144
        (314) 725-1780
        Fax (314) 725-0101
        candace@gallagherdavis.com
        matt@gallagherdavis.com

        Attorneys for Plaintiff